# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY PRESLEY HODGE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00570 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHRISTOPHER RIVERS, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Jimmy Presley Hodge, Pro Se Petitioner.*

This Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed pro se by petitioner Jimmy Presley Hodge, a federal inmate.[1] Hodge contends that seventeen unrelated prison disciplinary proceedings over seven years at multiple but unspecified prison facilities were procedurally defective and resulted in his loss of a total of more than 700 hours of good conduct time. After review of the record, I conclude that Hodge's petition must be summarily dismissed.

---

[1] Hodge initially filed the petition in the United States District Court for the Northern District of Illinois. Hodge is now confined in the United States Penitentiary Lee ("USP Lee"), located in this judicial district. For that reason, his petition was transferred to this court. An inmate seeking § 2241 relief must file the petition in the district where he is confined and name as the respondent his immediate custodian, i.e., the warden of his prison. *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004). Therefore, I will order that the Warden of USP Lee be substituted as the respondent in this action.

I.

Chronologically, Hodge's list of federal prison disciplinary convictions begins with a charge for possessing a hazardous tool in August 2012. The most recent disciplinary conviction he challenges concerns an October 2019 charge for introduction of drugs or alcohol into the prison. Hodge does not provide documentation for each of the seventeen charges he challenges or the appeals he pursued for each charge. He does not even indicate the Federal Bureau of Prisons ("BOP") facility where he was confined when each charge was served on him. Repeatedly, he states that as a result of the challenged disciplinary proceedings, he has lost a combined total of 723 days of earned good conduct time.

Hodge's entire § 2241 petition consists of lists—lists of charges and penalties, lists of the ways in which administrative remedies concerning charges may be exhausted within the BOP, and lists of possible legal problems an inmate may encounter in defending against such charges. He alleges in a conclusory, generalized fashion that in some unspecified way or ways, related to one, or to some, or to all of the seventeen charges, constitutional violations occurred: due process deprivations, fraudulent concealment and misrepresentations, retaliation for filing grievances, lack of impartiality by the disciplinary hearing officer ("DHO"), violations of BOP policies and program statements, unspecified threats and intimidation, and fabricated accusations. He alleges, without any particularized factual support, that a pattern of

due process violations persisted: denial of prompt notice of a charge, delayed investigation, failure to interview witnesses and to preserve and review video footage, lack of a staff advisor or ineffective staff advising, omission of unspecified material or exculpatory facts, failure to provide appropriate documentation, and numerous other alleged procedural shortcomings. In addition to the loss of good conduct time, Hodge claims that the same constitutional problems have adversely affected his security and custody classifications and his central file in unspecified ways that resulted in multiple prison transfers and segregated confinement conditions, in violation of due process and in retaliation for filing grievances. Hodge also alleges being denied administrative remedies to challenge his custodial placement and being subjected to paper clothing, four-point or ambulatory restraints, or deprived of privileges in violation of BOP policy.

Hodge's petition states that he "never understood the nature of the disciplinary proceedings, could not help in his own defense as he suffers from [unnamed, but] severe mental illness and defect rendering him unable to appreciate the nature, quality, or the wrongfulness of the prohibited acts charged against him." Pet. 12, ECF No. 1.[2] The petition asserts that investigating officials and DHOs knew of his mental illness, but they did not ensure that he received a mental health evaluation in

---

[2] Hodge filed two identical § 2241 petitions, ECF Nos. 1 and 4. For the sake of convenience, I will cite only to the first petition, ECF No. 1.

connection with the disciplinary charges or provide mental health treatment, in violation of numerous BOP policies. Hodge states that he has relied on other inmates to assist him with most of his administrative remedy forms. *Id.* at 8. Despite Hodge's mental illness, the petition alleges, he was placed in "SMU units" at two different prisons, where mentally ill inmates should not be housed, without due process protections. As relief in this § 2241 action, Hodge seeks

> Restoration of all good conduct time credits, reverse, undo all custody, security, classification enhancements, management variables, point increases caused by unconstitutional agency actions that adversely affect petitioner[;] enter an injunction prohibiting non-compliance with affected program statements as to the DHO's actions and findings, including prohibiting of any forms of retaliation, reprisals, threats, intimidation, assaults, battery, harassment, humiliation, excessive force, arbitrary and capricious impositions of disciplinary actions and punishments and denial of mental health care. . . .

*Id.* at 18–19.

## II.

Hodge is apparently seeking relief under § 2241(c)(3), which authorizes judges of this court to grant habeas corpus relief to an inmate "in custody in violation of the Constitution or laws or treaties of the United States." Although not expressly stated in the statute, however, a writ of habeas corpus is reserved for attacks on the fact or duration of the petitioner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Due process claims concerning Hodge's disciplinary convictions

might be cognizable as § 2241 claims,[3] because they challenge the duration of his confinement as impacted by the deprivation of his earned good conduct time. *Id.* at 500.

Conversely, challenges to living conditions or restrictions that the inmate encounters while in prison fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Similarly, Hodge's request for injunctive relief to prohibit such violations of his civil rights related to prison living conditions does not pertain to the fact or length of his confinement and is not properly pursued in a habeas action. *Preiser*, 411 U.S. at 500. Thus, to the extent that Hodge's complaint raises claims concerning segregated confinement, medical care, use of force, or other alleged living conditions or harassment he has encountered in prison, he fails to state viable claims for habeas

---

[3] In finding that Hodge's due process claims regarding loss of good time are properly presented in a § 2241 petition, I make no finding that his claims are ripe for consideration by this court. "Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to bringing a habeas corpus cause of action." *Meyers v. Streeval*, No. 7:19-CV-00773, 2020 WL 6582829, at *2 (W.D. Va. Nov. 10, 2020) (citing *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished)). Because I find that Hodge's attempted § 2241 claims fail to provide sufficient factual development and violate rules of joinder, I will not address whether or not he has satisfied the exhaustion requirement before bringing this action.

relief under § 2241. Therefore, I will summarily dismiss all such claims without further discussion.[4]

Hodge also has no viable claim under § 2241 that prison officials have violated their own policies and program statements in making classification and transfer decisions about him. A violation of a program statement or other BOP regulation does not implicate the Constitution, and thus, does not prove any ground for relief under § 2241 for an inmate complaining of such violations. *Shahan v. Ormond*, No. 3:18CV200-HEH, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (unpublished) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."); *Winters v. Hanson*, No. 4:14 CV 2270, 2015 WL 4250014, at *2 (N.D. Ohio July

---

[4] The Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971), authorized a cause of action for damages against a federal officer for violations of constitutional rights. It appears that many of Hodge's prison conditions claims in this action — alleging lengthy segregated confinement conditions, inadequate medical or mental health treatment, or use of excessive force, for example — are likely time barred. *See Bloch v. Exec. Off. of the President*, 164 F. Supp. 3d 841, 860 n.27 (E.D. Va. 2016) (noting that the statute of limitations for *Bivens* actions is the personal injury statute of limitations for the forum in which the claim arises, and in Virginia, that statutory limit is two years) (citing Va. Code Ann. § 8.01-243(A)). Moreover, a *Bivens* claim must be brought, if at all, against individual federal officials, and Hodge has not identified any individual(s) allegedly responsible for the violations he is claiming. Therefore, I decline to construe any portion of Hodge's pleading as a *Bivens* complaint.

13, 2015) (transfers and prison assignments are functions wholly within discretion of BOP) (citing *Olim v. Wakinekona* 461 U.S. 238, 245 (1983); *Reyes v. Holland*, No. 0:11–CV–00090–HRW, 2012 WL 639469, at *3–4 (E.D. Ky. Feb.27, 2012) (failure to follow a BOP policy is not a constitutional violation). Therefore, I will summarily dismiss without prejudice Hodge's claims based on alleged violations of BOP program statements or regulations as without merit under § 2241.

III.

As stated, a § 2241 petition is the appropriate vehicle by which a federal inmate may pursue constitutional challenges to disciplinary proceedings that inevitably affected the length of his confinement. The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). When state law has created the right to earn good time, and deprivation of earned good time is a sanction authorized only in response to major misconduct, an inmate has a protected liberty interest in his earned good time. *Wolff v. McDonnell*, 418 U.S. 539, 556–558 (1974).

On the other hand, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply."

*Id.* at 556.  Thus, the inmate facing a prison disciplinary charge with earned good time at stake enjoys these limited due process protections:  "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).  The decision maker should be sufficiently impartial to satisfy due process protections against arbitrary rulings.  *Wolff*, 418 U.S. at 571.

Due process protections also require that "some evidence supports the decision" to discipline a prisoner by revoking good time credits.  *Hill*, 472 U.S. at 455.  The "some evidence" standard is satisfied if "there is any evidence in the record that could support" the disciplinary decision.  *Id.* at 455–56.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  It is undisputed here that Hodge had a protected liberty interest in his earned good conduct credits and was entitled to the due process protections outlined in *Wolff* before those credits could be

revoked. To survive summary dismissal for failure to state a claim, however, Hodge must "allege facts sufficient to state all the elements of [his] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In so doing, the pleading must meet a "plausibility" standard; a civil "claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks, citations, and alterations omitted).

Hodge's petition fails to state any actionable habeas claim for lack of factual support. As I noted earlier, his petition is comprised of lists of the proceedings he challenges and lists of potential types of wrongdoing that *might* occur during such proceedings. Hodge does not provide particularized facts connecting these possible wrongs to any specific disciplinary infraction or proceeding. He fails to state any factual support for the myriad of conclusory assertions in the petition: where did each disciplinary proceeding occur, what witness or evidence did the hearing officer exclude and why Hodge was prejudiced by the lack of that evidence, how did the DHO show a lack of impartiality, what was the evidence presented by the hearing

officer, and so on. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted). Without any factual matter to support Hodge's claims regarding the challenged disciplinary proceedings, I cannot find that his petition states any constitutional claim upon which he is entitled to relief under § 2241.[5]

Moreover, I do not find that justice requires me to allow Hodge to amend this petition, because it violates well established rules of joinder of claims in a single lawsuit. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims "as it has against an opposing party." Rule 20 allows the joinder of claims against several defendants in one case only if the claims arose out of the same transaction or occurrence, or a series thereof, and contain a question of fact or law common to all the defendants. As I stated, Hodge's petition as it stands does not comply with these rules. His claims concern actions by multiple hearing officers

---

[5] In conjunction with his claims alleging violations of BOP policies, Hodge refers to the *Accardi* doctrine, which provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Even assuming that this court may recognize *Accardi* claims related to prison disciplinary proceedings, such claims require evidence of specific procedural violations in the case at hand, which Hodge has simply not provided. *Iqbal*, 556 U.S. at 678.

and concern unrelated events separated by months and even years at BOP prison facilities around the country. If Hodge chooses to pursue one or more of his due process claims in the future, I would advise him to limit each § 2241 petition to one disciplinary proceeding or one set of proceedings arising from the same events or a closely related series of events at one BOP facility. *See* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party."); *Cosgrove v. Rios*, No. 7:08-CV-109-KKC, 2008 WL 4410153, at *2 (E.D. Ky. Sept. 19, 2008) ("The power to sever claims is committed to the discretion of the district courts.") (citation omitted).

For the reasons stated, I will dismiss Hodge's entire petition without prejudice for failure to state a claim under § 2241. Such a dismissal leaves Hodge free to refile his claims in new and separate § 2241 petitions, if he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED: January 6, 2021

/s/ JAMES P. JONES
United States District Judge